[31 NYS3d 886]

In the Matter of DAWN M. HUGHES (Admitted as DAWN MARIE HUGHES), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent acknowledges in her affidavit of resignation that she is the subject of a disciplinary proceeding wherein it is alleged that she has engaged in professional misconduct by, inter alia, misappropriating more than $40,000 in real estate down payments entrusted to her as a fiduciary and defrauding private investors out of more than $1 million which she utilized for her own use and benefit. Further, the respondent acknowledges that she is also accused of failing to cooperate with the Grievance Committee for the Tenth Judicial District in its investigation of these matters and failing to produce required bank and bookkeeping records. The respondent avers that she cannot successfully defend herself on the merits of the disciplinary charges.

The respondent avers that her resignation is freely and voluntarily tendered, that she is not being subjected to coercion or duress, and that she is fully aware of the implications of submitting her resignation, including the fact that she is barred from seeking reinstatement for a minimum period of seven years.

Additionally, the respondent acknowledges that her resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). She further acknowledges the continuing jurisdiction of the

Court to make such an order pursuant to Judiciary Law § 90 (6-a) (d), which could be entered as a civil judgment against her, and specifically waives the opportunity to be heard in opposition thereto pursuant to Judiciary Law § 90 (6-a) (f).

The Grievance Committee recommends that the Court accept the proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding authorized by decision and order on motion of this Court dated September 22, 2015 is discontinued in light of the respondent's disbarment.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the resignation of the respondent, Dawn M. Hughes, admitted as Dawn Marie Hughes, a suspended attorney, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dawn M. Hughes, admitted as Dawn Marie Hughes, a suspended attorney, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Dawn M. Hughes, admitted as Dawn Marie Hughes, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dawn M. Hughes, admitted as Dawn Marie Hughes, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Dawn M. Hughes, admitted as Dawn Marie Hughes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated September 22, 2015 is discontinued.